UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSA HAMLET, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 04-1746 (RMC) |
| | ) |
| MM WASHINGTON SCHOOL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiffs here are a grandmother, Rose Hamlet, and her disabled grandson, C.F. They have attempted to sue MM Washington School, Mayor Anthony Williams, and the District of Columbia[1] for alleged violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1231 *et seq.*; the Civil Rights Act, 42 U.S.C. § 1983; and the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. However, Plaintiffs did not timely and properly serve the District of Columbia, and Plaintiff C.F. is now 22 years old and thus too old to be eligible for IDEA services. Having sat on their hands, Plaintiffs can no longer proceed. The complaint will be dismissed.

**I. BACKGROUND**

Plaintiffs allege that the District of Columbia violated a September 26, 2003, settlement agreement for the provision of special education services to C.F. They filed suit on

---

[1] For all practical purposes, this suit is against only the District of Columbia. As a public school in D.C., MM Washington School is *non sui juris* and the Mayor is sued is his official capacity. *See* D.C. Code § 2-401 (providing that process may be served on the Mayor for suits against the District of Columbia).

October 13, 2004, when C.F. was 20 years old. When no answer was filed, the Court, on August 16, 2005, ordered Plaintiffs to file, by September 6, 2005, either (1) proof that the Defendants had been served or (2) a written explanation for why service of process had not been completed. On September 6, 2005, Plaintiffs filed a return of service affidavit showing delivery of the complaint to the Attorney General for the District of Columbia. While this form of service may be entirely logical, it does not conform with Federal Rule of Civil Procedure 4(j)(2), which states that service upon a state or municipal corporation is "effected by delivering a copy of the summons of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process." In the District of Columbia, the Mayor is the chief executive officer and he must be served, not the Attorney General. *See* D.C. Code § 2-401.

On September 14, 2005, the District of Columbia filed a motion to dismiss Plaintiffs' complaint for want of proper service, as a result of Plaintiffs' failure to serve the Mayor. The District moved for dismissal based on Rule 4(j)(2) and Rule 4(m). When no response from the Plaintiffs was filed, the District moved, on January 5, 2006, to treat its September 14, 2005, motion as conceded. Then, on February 16, 2006, Plaintiffs filed a second return of service affidavit showing that the Mayor was served with a copy of the summons and complaint on September 29, 2005. This date was almost a full year after the complaint was initially filed, seven months after the 120-days for service allotted under Federal Rule of Civil Procedure 4(m), and weeks after the Court's deadline of September 6, 2005. Notably, Plaintiffs did nothing to notify either the District of Columbia or the Court that they had effected service on the Mayor on September 29, 2005, inasmuch as they received the District's September 14 motion to dismiss and never responded to it.

The District renewed its motion to dismiss Plaintiffs' complaint on February 24, 2006. This motion is now fully briefed. The District argues that it was not timely served and that the Court has no jurisdiction over the matter because C.F. is now 22 years old and because Plaintiffs do not appeal a hearing officer's decision ("HOD").

After the Court ordered Plaintiffs, on April 12, 2006, to show cause by May 2, 2006, why the Court should not treat the District's renewed motion to dismiss as conceded, Plaintiffs finally filed a responsive pleading on May 3, 2006. They argue that they corrected the insufficiency of service and Defendant did not suffer any harm or prejudice from its late service. Thus, the extremely late service of the complaint on the Mayor is conceded. Plaintiffs also argue that C.F. has been denied a free appropriate public education ("FAPE") and they need an order to Defendant to fund placement of C.F. in an appropriate therapeutic center and provide compensatory education services for the period when FAPE was not provided. Plaintiffs assert, without elaboration, that they exhausted all administrative remedies before filing suit.

According to Plaintiffs' opposition, "CF is now a twenty-two-year-old young man, special education with the classification of multiple disabilities in the area of other health impaired and emotional disturbed [sic]." Pltfs.' Opp. at 2. They assert that C.F. has not been evaluated since the 2000-2001 school year but that, on September 26, 2003, the parties reached a settlement whereby MM Washington School, a public school within the D.C. public school system, agreed to reevaluate C.F., develop an individual education plan ("IEP"), issue a notice of placement, and provide compensatory services. When Plaintiffs requested the evaluation in January and February 2004, it was not performed. When they demanded a multidisciplinary team ("MDT") meeting in April 2004, it was not convened.

## II. ANALYSIS

The District of Columbia presents two separate types of argument to support its motion to dismiss: (1) failure of Plaintiffs to effect timely service of the complaint and respond to its motions and (2) this Court's lack of jurisdiction to adjudicate the matter.

Plaintiffs attempt to explain their delayed response to the District's first motion to dismiss by stating that their counsel "experienced technical difficulties during the fall months and did not have access to electronic court filings" and, also, was not served with a hard copy of the motion by the District. Among its flaws, this rationale offers no explanation or excuse for the extremely tardy service of process upon the Mayor. It also overlooks the clear implications and directions of the Court's electronic case filing ("ECF") process, whereby a document is served upon electronic filing and no hard copies are mailed. All counsel with cases before the Court are advised of their obligations to maintain an awareness of filings in their cases because no other notice is given.

Indeed, Plaintiffs give no reason at all for their delay in serving the Mayor for almost a year after they filed their complaint, at a time when C.F. was already 20 years old. When the Court ordered them to do so by September 6, 2005, they failed to effect proper service and served only the Attorney General, without regard to the Rules of Civil Procedure which govern federal cases. And then, when they apparently did serve the Mayor, they failed to notify anyone of that fact in disregard of the Court's order to do so.

Despite this dismal record, the Court agrees that the District of Columbia has demonstrated no prejudice or harm from the delay in service. A grandmother is seeking educational assistance for her disabled grandchild, and the Court would not necessarily dismiss her cause merely because her counsel has made compounded errors.

Nonetheless, the matter must be dismissed. C.F. is now 22 and no longer eligible for IDEA services.[2] His birth date is December 25, 1983. Under federal law, a state receiving federal funding must provide "a free appropriate public education to all children with disabilities residing in the State between the ages of 3 and 21." 20 U.S.C. § 1412(a)(1)(A); *see also* 34 C.F.R. § 300.121 ("Each State must have on file with the Secretary information that shows that, subject to § 300.122, the State has in effect a policy that ensures that all children with disabilities aged 3 through 21 residing in the State have the right to FAPE."). By regulation of the District of Columbia, a local child is covered until the age of 22:

> (a) The [Local Education Agency ("LEA")] shall make a free appropriate public education (FAPE) available to each child with a disability, ages three to twenty-two, who resides in, or is a ward of, the District.
> (b) A child with a disability found by the LEA to be eligible for special education and related services shall remain eligible through the end of the semester he or she turns twenty-two.

5 D.C.M.R. § 3002.1. The semester in which C.F. turned 22 ended on January 20, 2006. Thus, C.F. is no longer "eligible for special education and related services" under either federal or D.C. law.

The Plaintiffs do not dispute that C.F. is now 22 and do not address the District of Columbia Municipal Regulations. They state only that C.F. has "yet to graduate from high school and he has not received a general education diploma." Pltfs.' Opp. at 2. However, C.F. is not entitled to special education services until he receives a diploma or certificate; he was entitled to such services until the end of the semester after his twenty-second birthday. That time having come and gone, C.F. is no longer eligible for special education services or FAPE.

---

[2] Although the complaint was framed as being brought under IDEA, ADA, § 1983, and the Rehabilitation Act, the only statute relied upon by Plaintiffs in their arguments for the relief sought is IDEA. The Court deems the other theories of recovery waived.

The fact that the Plaintiffs also seek compensatory education services for the past, when C.F. was allegedly not receiving FAPE, does not change this result. Plaintiffs sued when C.F. was 20 and when he might have received some benefit from the suit, had it been timely pursued. It lay fallow for almost a year and C.F. was three months from his twenty-second birthday when service on the Mayor was completed. His birthday ended his rights to public assistance for his special education needs, and this Court has no ability to change that fact.

### III.  CONCLUSION

The remedy sought by Plaintiffs is not available because C.F. is now too old for public education under IDEA. The complaint will be dismissed. A memorializing order accompanies this memorandum opinion.


Date: July 11, 2006                                        /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge